UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Colorado Springs Division

CASE:

CARLOS BRITO,

     Plaintiff,

v.

BROADMOOR HOTEL, INC., a Colorado
Corporation,

     Defendant.

_____/

## **COMPLAINT**

Plaintiff, CARLOS BRITO, individually and on behalf of all other similarly situated mobility-impaired individuals ("Plaintiff"), sues Defendant, BROADMOOR HOTEL, INC. ("Defendant"), and as grounds alleges:

### JURISDICTION, PARTIES, AND VENUE

1.      This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2.      The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C.§ 12181, et seq., pursuant to 28 U.S.C. §§ 1331 and 1343.

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4.      Plaintiff, CARLOS BRITO, is an individual over eighteen years of age,

residing and domiciled in El Paso County, Colorado, and is otherwise *sui juris*.

5.        At all times material, Defendant, BROADMOOR HOTEL, LLC, was and is a Colorado Corporation, with its principal office street address listed at One Lake Circle Avenue, Colorado Springs, Colorado 80906.

6.        At all times material, Defendant, BROADMOOR HOTEL, LLC, owned and operated a hotel property and hotel business known to the public as The Broadmoor and located at 1 Lake Avenue, Colorado Springs, Colorado 80906 (hereinafter the "Hotel Property and Hotel Business").

7.        Venue is properly located in the District of Colorado because Defendant's Hotel Property and Hotel Business are located in, and Defendant regularly conducts business within El Paso County, Colorado, and because a substantial part of the events or omissions giving rise to this claim occurred in El Paso County, Colorado.

<u>FACTUAL</u>
<u>ALLEGATIONS</u>

8.        Although over twenty-five (25) years have passed since the effective date of Title III of the ADA, Defendant has yet to make its facilities accessible to individual with disabilities.

9.        Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992.  In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant continues to discriminate against people who are disabled in ways that block them from access and use of Defendant's Hotel Property and Hotel Business.

10.       Plaintiff, CARLOS BRITO, is an individual with disabilities as defined by and pursuant to the ADA.  Plaintiff is, among other things, a paraplegic (paralyzed from his T-6

vertebrae down) and therefore is substantially limited in his life activities due to his impairment, including, but not limited to, not being able to walk or stand.  Plaintiff requires the use of a wheelchair to ambulate.

11.     The Broadmoor is a hotel located in Colorado Springs, Colorado.  Colorado Springs, Colorado is a tourist mecca because of its scenery and other natural attractions. The individual Plaintiff visits the Hotel Property and Hotel Business frequently, including an overnight stay on or about August 25th-26th, 2018 and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Hotel Property and Hotel Business.

12.     The Plaintiff visited the Hotel Property and Hotel Business as a hotel guest and intends to return to the property to avail himself of the goods and services offered to the public at the property; Plaintiff is domiciled in the same county as the Hotel Business and Hotel Property, has frequented the area and The Broadmoor hotel for pleasure purposes, and intends to return to the Hotel Property within the next two (2) months.

13.     The Plaintiff found the Hotel Property and Hotel Business to be rife with ADA violations.

14.     The Plaintiff encountered architectural barriers at the subject Hotel Property and Hotel Business, and wishes to continue his patronage and use of the premises and its amenities in the near future.

15.     The barriers to access at Defendant's Hotel Property and Hotel Business have denied or diminished Plaintiff' ability to visit the Hotel Property and Hotel Business and have endangered his safety. The barriers to access, which are set forth below, have likewise posed a risk of injury, embarrassment, and discomfort to Plaintiff.

16.     Defendant owns, leases, leases to, or operates, a place of public accommodation

as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns and operate is known or otherwise holds itself out to the public as the "The Broadmoor" hotel located at 1 Lake Avenue, Colorado Springs, Colorado 80906.

17.     Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described property as described in, but not necessarily limited to, the allegations in Paragraph 19 of this Complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Hotel Property and Hotel Business in violation of the ADA.  Plaintiff desires to visit the property soon, not only to avail himself of the goods and services available at the property but to assure himself that the Hotel Property and Hotel Business are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Hotel Property and Hotel Business without fear of discrimination.  Plaintiff visits the Hotel Property regularly (at least six to seven times in the last year), as the Hotel Property is close to his residence, and he plans to return within the next two (2) months.

18.     Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the property, as prohibited by 42 U.S.C. § 12182, et seq.

19.     Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that the Plaintiff encountered during his stay at the Hotel Property

and Hotel Business include, but are not limited to, the following:

**Parking**

1. The required number of van accessible parking spaces is not provided in the public parking garage, violating Sections 4.1.2(5b) & 4.6.4 of the ADAAG and Section 208.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

2. The required vertical clearance is not provided at the entry to the public parking garage, violating Section 4.6.5 of the ADAAG and Section 502.5 of the 2010 ADA Standards.

3. There are accessible parking spaces that do not provide signs designating them as accessible, violating Section 4.6.4 of the ADAAG and Section 502.6 of the 2010 ADA Standards, whose resolution is readily achievable.

**Entrance Access and Path of Travel**

1. The Plaintiff had difficulty traversing the path of travel, as there are cross slopes in excess of 2%. Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

2. The Plaintiff had difficulty using some of the curb ramps, as the slopes are excessive. Violation: There are curb ramps at the facility that contain excessive slopes, violating Section 4.7.2 of the ADAAG and Sections 405.2 and 406.1 of the 2010 ADA Standards, whose resolution is readily achievable.

3. The Plaintiff had difficulty on the path of travel at the facility, as there are ramps that do not have compliant handrails violating Section 4.8.5 of the ADAAG and Section 405.8 of the 2010 ADA Standards, whose resolution is readily achievable.

**Access to Goods and Services**

1. The Plaintiff could not use the registration counter as it is mounted too high. Violation: There are counters at the facility in excess of 36" high, violating Section 7.2(2) of the ADAAG and Section 904.4 of the 2010 ADA Standards, whose resolution is readily achievable.

2. The facility fails to provide a pool lift or other accessible means into each pool/jacuzzi. This violates ADA Title III Regulation 28 CFR Part 36.202(a) and Sections 242 & 1009 of the 2010 ADA Standards, whose resolution is readily achievable

**Public Restrooms**

1. There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

2. The Plaintiff could not use the toilet without assistance as the seat is mounted too low from the floor. Violation: The water closet seats are mounted at a non-compliant height from the floor in violation of Section 4.16.3 of the ADAAG and Section 604.4 of the 2010 ADA Standards, whose resolution is readily achievable.

3. The Plaintiff could not transfer to the toilet without assistance, as the grab bars are not at the required locations. Violation: The grab bars in the accessible toilet compartment do not comply with the requirements prescribed in Section 4.17.6 of the ADAAG and Sections 604.5 & 609 of the 2010 ADA Standards, whose resolution is readily achievable.

4. The Plaintiff could not use the lavatories without assistance, as the required knee & toe clearances are not provided. Violation: There are lavatories in public restrooms without the required clearances provided, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Sections 306 and 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

5. The Plaintiff could not use the soap bottles without assistance, as they require a tight grasp to operate. Violation: The soap dispensers require a tight grasp to operate in violation of Section 4.27.4 of the ADAAG and Section 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

6. The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

7. The Plaintiff could not transfer to the toilet without assistance, as objects obstruct the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and Section 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

**<u>Accessible Guestrooms and Bathrooms</u>**

1. The required number of compliant guestrooms designated for disabled use is not provided, violating Section 9.1.2 of the ADAAG and Section 224.2 of the 2010 ADA Standards, whose resolution is readily achievable.

2. The rooms designated for disabled use do not provide the required number of guestrooms with compliant roll-in showers for use by the disabled, violating Section

9.1.2 of the ADAAG and Section 224.2 of the 2010 ADA Standards, whose resolution is readily achievable.

3.  The Plaintiff could not use the shower without assistance, as one of the required dimensions is not provided. Violation: The showers are not a compliant size as required in Section 4.21.2 & Figure 57 of the ADAAG and Section 608.2.2 of the 2010 ADA Standards, whose resolution is readily achievable.

4.  The Plaintiff could not use the shower without assistance, as the grab bars are not at the required location. Violation: The showers do not have compliant grab bars as required in Section 4.21.4 & Figure 37 of the ADAAG and Section 608.3 of the 2010 ADA Standards, whose resolution is readily achievable.

5.  The Plaintiff could not use the shower without assistance, as the controls are not mounted at the prescribed location. Violation: The showers do not provide compliant controls as required in Section 4.21.5 of the ADAAG and Section 608.5 of the 2010 ADA Standards, whose resolution is readily achievable.

6.  The Plaintiff could not use the shower without assistance, as the required securely mounted seating is not at the required location. Violation: The showers do not provide a compliant seat as required in Section 4.21.3 and Figure 36 of the ADAAG & Sections 608.4 and 610.3.2 of the 2010 ADA Standards, whose resolution is readily achievable.

7.  The Plaintiff could not flush the toilet without assistance, as the flush valve is not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

8.   The Plaintiff could not transfer to the toilet without assistance, as the grab bars are not at the required locations or the required lengths. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5 and 609 of the 2010 ADA Standards, whose resolution is readily achievable.

20.   The discriminatory violations described in Paragraph 19 are not an exclusive list of the Defendant's ADA violations. Plaintiff requests an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, CARLOS BRITO, from further ingress, use, and equal enjoyment of the property; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.

21.   The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendant, Defendant's buildings and facilities; and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above.  The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

22.   Defendant has discriminated against the individual Plaintiff and all other

individuals similarly situated, by denying them access to full and equal enjoyment of the goods,

services, facilities, privileges, advantages and/or accommodations of their place of public

accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR

36.302 et seq.  Furthermore, the Defendant continues to discriminate against Plaintiff, and all those

similarly situated, by failing to make reasonable modifications in policies, practices or procedures,

when such modifications are necessary to afford all offered goods, services, facilities, privileges,

advantages or accommodations to individuals with disabilities; and by failing to take such efforts

that may be necessary to ensure that no individual with a disability is excluded, denied services,

segregated or otherwise treated differently than other individuals because of the absence of

auxiliary aids and services.

     23.      Plaintiff is without adequate remedy at law, will suffer irreparable harm, and

has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest

and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is

entitled to recover reasonable attorneys' fees, costs and litigation expenses from Defendant

pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

     24.      A Defendant is required to remove the existing architectural barriers to the

physically disabled when such removal is readily achievable for their place of public

accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if

there has been an alteration to Defendant's place of public accommodation since January 26, 1992,

then the Defendant is required to ensure to the maximum extent feasible, that the altered portions

of the facility are readily accessible to and useable by individuals with disabilities, including

individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one

which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined

in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

25.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

26.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the Hotel Property and Hotel Business located at 1 Lake Avenue, Colorado Springs, Colorado 80906, its interiors and the common exterior areas of the properties to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures its violations of the ADA.

WHEREFORE, the Plaintiff, CARLOS BRITO, respectfully requests that this Honorable Court issue (i.) a Declaratory Judgment determining Defendant, at the commencement of the subject lawsuit, is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii.) Injunctive relief against Defendant, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and

services; (iii.) An award of attorneys fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv.) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

      DATED:   September 18, 2018.

                    **GARCIA-MENOCAL, & PEREZ, P.L.**
                    *Attorneys for Plaintiff*
                    1444 Wazee Street, Suite 320
                    Denver, CO  80202
                    Telephone:   720.996.3500
                    Facsimile:   305.553.3031
                    Primary E-Mail:  ajperezlaw@gmail.com
                    Secondary E-Mails: agmlaw@bellsouth.net &
                    mpomares@lawgmp.com

      By: ___*/s/ Anthony J. Perez*_____ _____
                    ANTHONY J. PEREZ